This case presents an extremely close and difficult issue. When a court reviews a summary judgment request, the court must view all facts in a light most favorable to the party opposing the motion. See, generally,Osborne v. Lyles (1992), 63 Ohio St.3d 326, 587 N.E.2d 827. Furthermore, Civ.R. 56 provides that summary judgment must not be granted unless the entire record demonstrates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. In the case sub judice, I agree with the principal opinion that appellants have produced sufficient, albeit minimally adequate, evidence to establish a genuine issue of material fact for determination. Although the evidence is extremely thin, the "barest admissible evidence in opposition is a basis for denying the [summary judgment] motion because the opposing party is entitled to have the evidence construed most strongly in its favor." See Fink, Greenbaum and Wilson (2005) 56-21, Section 56:10. Thus, I concur with the principal opinion and judgment.